IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES WITHERS, an Individual; | |
| Plaintiff, | 7:20CV5001 |
| vs. | ORDER |
| RYDER TRUCK RENTAL, INC., | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion to Change Venue. (Filing No. 13.) For the reasons explained below, the motion will be granted.

**DISCUSSION**

Plaintiff requests that the place of trial be changed from North Platte, Nebraska to Omaha, Nebraska. Plaintiff argues Omaha is the appropriate location for trial because Plaintiff resides in Omaha and his attorney is located near Omaha. Plaintiff further asserts trial should take place in Omaha because the accident at issue occurred in Omaha, Plaintiff was treated in Omaha, Plaintiff's witnesses and family members are in Omaha, and Plaintiff's treating physicians are in Omaha. Plaintiff contends that because Defendant is a Florida corporation, the only connection this case has to North Platte is Defendant's counsel's office. Defendant's counsel's office is in North Platte.

When deciding the place of trial, "a judge considers the convenience of the litigants, witnesses, and attorneys." *Ury v. Union Pacific Railroad Company*, No. 8:10CV116, 2010 WL 1957272, *2 (D. Neb. May 14, 2010) (quoting NECivR 40.1(b)(1)). The party seeking to change the place of trial bears the burden of establishing that the transfer should be granted. *Id*. "The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant." *Aumann Auctions, Inc. v. Phillips*, No. 8:07CV431, 2008 WL 687056, at *2 (D. Neb. Mar. 10, 2008). "A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other." *Ury*, 2010 WL 1957272, at *2.

Having considered the convenience of the litigants, witnesses, and attorneys, the Court finds trial should occur in Omaha. Plaintiff resides in Omaha and his counsel has a nearby office. It also appears ease of travel for both parties and witnesses favors trial in Omaha. Omaha is far more accessible to air-travel which would seemingly make travel easier for Defendant's representatives as Defendant is a Florida corporation. It appears most witnesses reside in or near Omaha, including Plaintiff's treating physicians. Defendant has not identified any witnesses who would benefit from a North Platte trial.

Moreover, Plaintiff originally filed this case in the District Court of Douglas County, Nebraska, which is in Omaha. When Defendant removed the action to this Court from state court, Defendant designated North Platte as the place of trial. It seems to the Court that the only connection this case has to North Platte is Defendant's counsel. However, "the convenience to the parties and any potential witnesses will outweigh any inconvenience to counsel." *Wanek v. Phillips & Cohen Assocs., Ltd.*, No. 4:09CV03248, 2010 WL 962952, at *2 (D. Neb. Mar. 11, 2010). The Court concludes that the balance of interests supports changing the place of trial to Omaha.

Defendant contends the motion to change place of trial should be denied because it is untimely under NECivR 40.1, which provides that a written request for trial in Omaha, Lincoln, or North Platte may be filed by the plaintiff in a removed action within fourteen days of service of the notice of removal. NECivR 40.1. Here, Plaintiff did not file the motion to change place of trial until approximately eighty-days following removal. However, Plaintiff's delay in filing the motion to change the place of trial does not unfairly prejudice Defendant. This case is in its early stages. The case was transferred to this Court on January 29, 2020 (Filing No. 1), and a progression order was entered on March 19, 2020. (Filing No. 11.) The case has not yet been scheduled for trial and the written discovery deadline does not expire until May 3, 2021. The Court concludes that the interest of justice supports changing the place of trial to Omaha.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Change Venue ([Filing No. 13](#)) is granted. The Clerk of Court is directed to modify the docket sheet to reflect that trial will occur in Omaha, Nebraska.

Dated this 19th day of May, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge